**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TRAVIS TYLER STRINGER,** | * | |
|    **Plaintiff** | * | |
| | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | |
| | * | **SECTION: " "** |
| **PARKER DRILLING COMPANY** | * | |
|   **and BAKER HUGHES, INC. ,** | * | **MAG.:** |
|    **Defendants** | * | |
| | * | |
|   * * * * * * * * * * * * * * * * * | * | |

## <u>SEAMAN'S COMPLAINT</u>

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Travis Tyler Stringer, a Jones Act seaman and person of full age and majority, domiciled in Foxworth, State of Mississippi, who respectfully avers as follows:

I.

This action is brought pursuant to Title 46 U.S.C. § Section, 688, the Jones Act, and all statutes supplemental and amendatory thereto, pursuant to the General Maritime Laws of the United States, pursuant to Section 905(b) of the Longshore and Harbor Workers Compensation Act (LHWCA) and the general negligence laws of the State of Louisiana.

II.

Parker Drilling Company, a named defendant herein, is a foreign corporation authorized to do and doing business within the Eastern District of Louisiana at the time of the incident complained of herein, and is liable unto Plaintiff, Travis Tyler Stringer, for claims of the nature asserted herein.

III.

Baker Hughes, Inc., a named defendant herein, is a foreign corporation authorized to do and doing business within the Eastern District of Louisiana at the time of the incident complained of herein, and is liable unto Plaintiff, Travis Tyler Stringer, for claims of the nature asserted herein.

IV.

Upon information and belief, on or about July 10, 2011, the plaintiff, Travis Tyler Stringer, was employed as an offshore service supervisor by defendant, Baker Hughes, Inc. and assigned to the Barge 1606.

V.

On or about July 10, 2011, the Barge 1606 was owned, operated and/or controlled by defendant, Baker Hughes, Inc.

VI.

On or about July 10, 2011, Barge 1606 was assigned to the Parker Drilling Inland Drilling Barge, Rig 15, in the West Black Bay near Boothville, Louisiana.

VII.

On or about July 10, 2011, the Inland Drilling Barge, Rig 15, was owned, operated and/or controlled by defendant, Parker Drilling.

VIII.

On or about July 10, 2011, as plaintiff was performing his assigned duties for defendant Baker Hughes, Inc. aboard defendant Parker Drilling's Inland Drilling Barge, Rig 15, it was necessary for plaintiff to be lowered in a safety harness.

IX.

As plaintiff was being lowered in the safety harness, he sustained serious, permanent and disabling injuries to his body, including but not limited to injury to his cervical and lumbar spine, when the safety harness malfunctioned, causing plaintiff to be upended.

X.

The incident and resulting injuries described above were caused by the negligence of the defendant, PARKER DRILLING CO., in the following particulars:

a)    Failing to provide plaintiff with equipment that was in a reasonably safe condition.

b)    Providing plaintiff with equipment that was faulty or defective.

c)    Operating the air hoist to lower the safety harness in an unsafe manner.

d)    Failing to adequately and appropriately inspect the safety harness prior to its use.

e)    Failing to stop the operation immediately when the safety harness initially malfunctioned.

g)    Failing to appropriately adequately and safely lower plaintiff in the safety harness.

h)    Failing to use a signal man during the operation.

I)    Any and all other acts and/or omission of negligence that will be shown at the trial of this matter.

XI.

The incident and resulting injuries described above were caused by the negligence of the defendant, BAKER HUGHES, INC., in the following particulars:

a)      Failing to provide plaintiff with a safe place to work.

b)      Failing to adequately supervise the task being performed.

c)      Failing to assign a signal man during the lowering of plaintiff in the safety harness.

d)      Requiring plaintiff and his crew to work an excessive number of hours.

e)      Requiring plaintiff and his crew to work in an undermanned capacity.

h)      Any and all other acts and/or omission of negligence that will be shown at the trial of this matter.

XII.

At all pertinent times hereto, the Barge 1606 was unseaworthy in one or more of the following respects, to-wit:

a)      Failing to provide plaintiff with equipment that was in a reasonably safe condition.

b)      Providing plaintiff with equipment that was faulty or defective.

c)      Operating the air hoist to lower the safety harness in an unsafe manner.

d)      Failing to adequately and appropriately inspect the safety harness prior to its use.

e)      Failing to stop the operation immediately when the safety harness initially malfunctioned.

g)      Failing to appropriately adequately and safely lower plaintiff in the safety harness.

h)      Failing to use a signal man during the operation;

I)      Failing to provide Plaintiff with a safe place to work; and

-4-

j)       Other unseaworthy conditions to be determined at a trial of this action.

XIII.

Plaintiff, Travis Tyler Stringer, is entitled to maintenance and cure benefits from the above referenced defendants, Parker Drilling and Baker Hughes, Inc., until such time as he reaches maximum medical cure; and Plaintiff is entitled to recover attorney's fees, costs and punitive damages in the event that the defendants, Parker Drilling and Baker Hughes, Inc., unreasonably refuse to pay or discontinue maintenance and cure benefits.

XIV.

In accordance with the Jones Act, the defendants are liable unto the plaintiff, Travis Tyler Stringer, for the following damages:

a)       Past, present and future medical expenses;

b)       Past, present and future physical pain and suffering;

c)       Past, present and future mental and emotional pain and suffering;

d)       Past and future loss of wages and loss of earning capacity;

e)       Loss of enjoyment of life;

f)       Loss of economic horizons; and

e)       Any and all other damages to be shown at a trial of this action.

**WHEREFORE,** for the above and foregoing reasons, plaintiff, Travis Tyler Stringer, requests that the defendants, Parker Drilling and Baker Hughes, Inc., be served with a copy of this Seaman's Complaint and that after all legal proceedings and due delays are had, there be judgment in favor of plaintiff, Travis Tyler Stringer, and against the defendants, Parker Drilling and Baker Hughes, Inc.. for damages detailed herein, the reasonable sum of which is ONE MILLION FIVE

-5-

HUNDRED THOUSAND DOLLARS AND NO/100 ($1,500,000.00), plus interest from the date

of the incident until paid, all costs of these proceedings, and for all other general, equitable, and

maritime relief.

Respectfully submitted,

**UNGAR & BYRNE**

/s/ *George W. Byrne, Jr.*
EVETTE E. UNGAR (#29013)
GEORGE W. BYRNE, JR. (#3744)
CHERYL L. WILD (#28805)
650 Poydras St., Suite 2005
New Orleans, Louisiana 70130
Telephone No.: (504) 566-1616
Facsimile No.:  (504) 566-1652
E-Mail: eungar@ungarlawyers.com
E-Mail: georgewbyrnejr@ungarlawyers.com
E-Mail: cwild@ungarlawyers.com
*Counsel for Plaintiff, Travis Tyler Stringer*

<u>**PLEASE SERVE:**</u>

**PARKER DRILLING COMPANY**
Through their Agent for Service of Process
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

**BAKER HUGHES INCORPORATED**
Through their Agent of Service of Process
C T CORPORATION SYSTEM
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70518